AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Southern | 04-21333 |
|---|---|---|

Name: JEROME CARLINGTON LINDO
Prisoner No. A-425058
Case No. 99-35198

Place of Confinement:

Name of Petitioner (include name under which convicted): JEROME CARLINGTON LINDO

v.

Name of Respondent (authorized person having custody of petitioner): STATE OF FLORIDA

CIV-KING
MAGISTRATE JUDGE
WHITE

The Attorney General of the State of: FLORIDA.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.

2. Date of judgment of conviction: AUGUST 31, 2000.

3. Length of sentence: THIRTY (30) YEAR'S.

4. Nature of offense involved (all counts): ATTEMPTED 1st DEGREE MURDER WITH A DEADLY WENPON.

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

   cat / div Dade (22.54)
   Case # 04cv21333
   Judge King  Mag. [illegible]
   Motn Ifp [illegible]  Fee pd $0
   Receipt #

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)



AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court THE THIRD DISTRICT COURT OF APPEAL OF FLORIDA.

   (b) Result PER CURIAM AFFIRM.

   (c) Date of result and citation, if known NOVEMBER 13, 2002

   (d) Grounds raised 1: THE DEFENSE SHOULD HAVE BEEN PERMITTED TO EXCLUDE JUROR ROMEO, SINCE THE DEFENSE OFFERED A
   SEE NEXT PAGE FOR CONTINUATION

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court THE SUPREME COURT OF FLORIDA.

      (2) Result THE COURT DECLINE TO ACCEPT JURISDICTION.

      (3) Date of result and citation, if known MAY 7, 2003

      (4) Grounds raised THAT THE COURT SHOULD ACCEPT DISCRETIONARY JURISDICTION, BECAUSE THE APPEAL COURT DECISION EXPRESSLY AND DIRECTLY CONFLICT WITH THE DECISION OF THE SUPREME COURT OR ANOTHER.

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court NONE

      (2) Result NONE

      (3) Date of result and citation, if known NONE

      (4) Grounds raised NONE

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN & FOR DADE COUNTY, FLORIDA.

        (2) Nature of proceeding MOTION FOR POSTCONVICTION RELIEF. 3.850

        (3) Grounds raised FUNDAMENTAL ERROR'S, INEFFECTIVE ASSISTANCE OF COUNSEL'S, DISCOVERY VIOLATION, CUMULATIVE ERROR OF COUNSEL,

(3)

CONTINUE FROM PAGE #3, 9. (D)
---

SUFFICIENT RACE-NEUTRAL REASON FOR THE CHALLENGE, AND THERE WAS NO PATTERN OF EXCLUSION.

2: A MISTRIAL SHOULD HAVE BEEN DECLARED WHEN THE STATE IGNORED THE COURTS PRE-TRIAL RULING IN LIMINE TO EXCLUDE WITNESS STATEMENTS THAT JEROME LINDO HAD PREVIOUSLY THREATENED VIOLECE AGAINST THEM, AND THE DEFENSE DIDNOT OPEN THE DOOR TO THIS EVIDENCE.

3: THE TRIAL JUDGE ERRORED IN ALLOWING THE STATE TO INTRODUCE OUT-OF-COURT STATEMENTS MADE BY THE DEFENDANT TO AN I.N.S. AGENT, WHICH WERE INFLAMMATORY AND PREJUDICIAL, AND A MISTRIAL SHOULD HAVE BEEN DECLARED WHEN THE STATE IGNORED THE COURTS PRIOR RULING AND ELICITED FROM THE WITNESS THE LINDO HAD BEEN PREVIOUSLY DEPORTED.

4: IT WAS ERROR FOR THE TRIAL JUDGE TO ALLOW THE STATE TO USE GRUESOME PHOTOGRAPHS OF THE VICTIM DURING THEIR CLOSING ARGUMENT, SINCE THES CLEARLY CALCULATED TO EVOKE AN EMOTIONAL RESPONSE FROM THE JURY TO THE DEFENDANT'S PREJUDICE.

AO 241 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☒

    (5) Result _____

    (6) Date of result _____

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____ NONE _____

    (2) Name of proceeding _____ NONE _____

    (3) Grounds raised _____ NONE _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐

    (5) Result _____ NONE _____

    (6) Date of result _____ NONE _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.     Yes ☒   No ☐
    (2) Second petition, etc.   Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Fundamental Error.

Supporting FACTS (state *briefly* without citing cases or law): The indictment didn't state that the defendant was charged by the grand jury of the county of Dede, also there's no grand jury transcripts.

B. Ground two: Fundamental Error.

Supporting FACTS (state *briefly* without citing cases or law): The indictment was not signed by either the foreperson or the acting foreperson of the grand jury, the indictment is so vague, indistinct and indefinite as to mislead the accused in preparation of a defense.

(5)

AO 241 (Rev. 5/85)

C. Ground three: Discovery violation.

Supporting FACTS (state *briefly* without citing cases or law): The state did not disclose the written statement of their eye witnesses Felicia and Veronica given to officer "Tien Vu" the defense only find out of this fact the day before trial August 28, 2000. This statement create a reasonable doubt as to the defendant guilt.

D. Ground four: Cumulative error by counsel.

Supporting FACTS (state *briefly* without citing cases or law): Defense counsel made so many error's in his representation of the defendant, even thow one or two may not have actually harmed the defendant. The overroll effect of several error's have affected the outcome of the proceedings.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: None

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing P. Donelly P.D. Law Offices of the Public Defender Eleventh Judicial Circuit of Florida. 1320 N.W. 14th street Miami, Fl. 33125
    (b) At arraignment and plea M. Wallick P.D. Law Offices of the Public Defender Elevent Judicial Circuit of Florida. 1320 N.W. 14th street Miami, Fl. 33125

(6)

GROUND #5: FUNDAMENTAL ERROR'S.

SUPPORTING FACTS: THE DEFENSE SHOULD HAVE BEEN PERMITTED TO EXCLUDE JUROR "ROMEO," SINCE THE DEFENSE OFFERED A SUFFICIENT RACE-NEUTRAL REASON FOR THE CHALLENGE, AND THERE WAS NO PATTERN OF EXCLUSION.

GROUND #6: FUNDAMENTAL ERROR.

SUPPORTING FACTS: A MISTRIAL SHOULD HAVE BEEN DECLARED WHEN THE STATE IGNORED THE COURTS PRE-TRIAL RULING IN LIMINE TO EXCLUDE WITNESS STATEMENT'S THAT JEROME LINDO HAD PREVIOUSLY THREATENED VIOLENCE AGAINST THEM, AND THE DEFENSE DID NOT OPEN THE DOOR TO THIS EVIDENCE.

GROUND #7: FUNDAMENTAL ERROR.

SUPPORTING FACTS: THE JUDGE ERRORED IN ALLOWING THE STATE TO INTRODUCE OUT-OF-COURT STATEMENT MADE BY THE DEFENDANT TO AN I.N.S. AGENT, WHICH WERE INFLAMMATORY AND PREJUDICIAL, AND A MISTRIAL SHOULD HAVE BEEN DECLARED WHEN THE STATE IGNORED THE COURTS PRIOR RULING AND ELICITED FROM THE WITNESS THAT LINDO HAD BEEN PREVIOUSLY DEPORTED.

GROUND #8: FUNDAMENTAL ERROR.

SUPPORTING FACTS: IT WAS ERROR FOR THE TRIAL JUDGE TO ALLOW THE STATE TO USE GRUESOME PHOTOGRAPHS OF THE VICTIM DURING THEIR CLOSING ARUMENT, SINCE THIS CLEARLY CALCULATED TO EVOKE AN EMOTIONAL RESPONSE FROM THE JURY TO THE DEFENDANT'S PREJUDICE.

GROUND #9: FUNDAMENTAL ERROR.

SUPPORTING FACTS: THE COURT SENTENCE THE DEFENDANT TO THE STATUTORY MAXIMUM OF (30) YEAR'S, WHEN THE GUIDELINE SCORE-SHEET RANGE WAS 8.8 YEAR'S, THE UPWARD DEPARTURE WAS INTENTIONAL, BUT THE COURTS FAILED TO GIVE A PROPER REASON FOR THE DEPARTURE OR THE SPECIFIC RULES FOR IMPOSING A DEPARTURE SENTENCE. THEREFOUR THE GUIDELINE SENTENCE MUST BE IMPOSED, WHICH IS 8.8 YEARS.

GROUND #10: INEFECTIVE ASSISTANCE OF COUNSEL.

SUPPORTING FACTS: DEFENCE COUNSEL'S DIDNOT OBJECT TO DEFECTIVE JURY INSTRUCTION OMITTING ESSENTIAL ELEMENT OF OFFENSE, THE JURY INSTRUCTION DIDNOT NOTE ATTEMPTED SECOND DEGREE MURDER IN IT.

GROUND #11: INEFECTIVE ASSISTANCE OF COUNSEL.

SUPPORTING FACTS: DEFENSE COUNSEL'S PROVOKED THE ERROR BY REMAINING SILENT INSTEAD OF REQUESTING THAT THE JURY INSTRUCTION NOTE THE LESSER INCLUDED OF ATTEMPTED MURDER IN THE SECOND DEGREE.

GROUND #12:

SUPPORTING FACTS: DEFENCE COUNSEL'S FAILED TO CALL OFFICER "TIEN V.U" AS A WITNESS, THEY RALIED ON THE STATES VERSION OF THE FACTS AND NOT THEIR OWN REASONABLE INVESTIGATION. THIS OFFICER, IF HE WAS CALLED AS A WITNESS WOULD HAVE CAST DOUBT ON THE STATES CASE AS PRESENTED BY THEIR EYEWITNESSES, WHO GAVE SIGNIFICANT FALSE, CONTRODICTORY, AND INCONSTANT STATEMENT'S TO THIS OFFICER AND OTHER OFFICER'S ON THE DAY OF THE INCIDENT.

THE AVAILABLE EVIDENCE SUPPORTING THE FALSE, CONTRODICTING AND INCONSTANT STATEMENT'S IS, THE DEPOSITION OF OFFICER "TIEN VU", HIS NARRATIVE INCIDENT REPORT, THE DEPOSITION OF DETECTIVE "JAMES DUBOCQ", THE DEPOSITION OF DETECTIVE "FREDDIE SIMPO", THE DEPOSITION OF OFFICER "BRENDAN GILL SR.", AND HIS NARRATIVE INCIDENT REPORT, THE DEPOSITION OF OFFICER "ROBERT MELLEY", AND HIS NARRATIVE INCIDENT REPORT, THE DEPOSITION OF THE STATES TWO (2) EYEWITNESSES, AND THEIR WRITTEN AND TAPE STATEMENTS GIVEN TO THE ABOVE NAME OFFICER'S. COUNSEL HAD BEEN TOLD BY THE DEFENDANT OF THE CIRCOMSTANCES SURRONDING THESE WITNESSES STATE-MENTS, AND OF THE OFFICERS DEPOSITION'S, AND THEIR REPORT'S, BUT FAILED TO TAKE THE APPREATE STEPS TO CALL OFFICER "TIEN VU" AS A WITNESS.
IF COUNSEL HAD CALLED THIS OFFICER AS A WITNESS HIS TESTIMONY WOULD HAVE CHANGED THE OUTCOME OF THE PROCEEDING.

GROUND #13: INEFECTIVE ASSISTANCE OF COUNSEL.

SUPPORTING FACTS: DEFENSE COUNSEL'S FAILED TO CALL DETECTIVE "JAMES DUBOCQ" AS A WITNESS, THIS DETECTIVE TESTIMONY WOULD HAVE CAST DOUBT ON THE STATES CASE AS PRESENTED BY THEIR TWO (2) EYEWITNESSES, FELICIA AND VERONICA, WHO GAVE FALSE, CONFLICTING, AND INCONSTANT STATEMENT'S TO THIS OFFICER, AND OTHER OFFICER'S ON THE DAY OF THE INCIDENT. THE AVAILABLE EVIDENCE SUPPORTING THIS FACT IS OFFICER "DUBOCQ" DEPOSITION, HIS NARRATIVE REPORT. THE DEPOSITION OF THE STATES TWO (2) EYEWITNESSES, AND THE TRANSCRIPT OF THE 911 TAPE.
COUNSEL'S HAD BEEN TOLD ABOUT THE CIRCOMSTANCES SURROUNDING THIS OFFICER AND THE STATES EYEWITNESSES, BUT FAILED TO CALL THE OFFICER AS A WITNESS. IF COUNSEL'S HAD CALL OFFICER "JAMES DUBOCQ AS A WITNESS THE OUT-COME OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT.

6(D)

GROUND #14: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENSE COUNSEL'S FAILED TO INVESTIGATE, OR PRESENT THE DEFENSE THAT THERE WAS NO REGULARLY SCHEDULED LOCK DOWN ON OR ABOUT FEBRUARY 25, 2000, AT THE METRO WEST DETENTION CENTER, WHEN I.N.S. AGENT "GIORDANO" PRESENTED HIMSELF THERE TO SERVE THE DEFENDANT WITH A NOTICE TO REINSTATE A PRIOR ORDER, WHERE DURING THE SOCALL LOCK DOWN THE AGENT STATED IN HIS DEPOSITION, AND AT TRIAL THE THE DEFENDANT TOLD HIM IN SUBSTANCE. (I'll SNAP YOUR NECK, YOU FUCKING CRACKER, AND I WON'T FUCK IT UP LIKE THE OTHER ONE. THE AGENT CLARIFID THAT THE DEFENDANT WAS MAKING REFERENCE TO THIS INSTANT CASE).
IT MUST BE "NOTED" THAT, THERE IS NO EVIDENCE OF INJURY TO THE VICTIM NECK, OR HER NECK BEING SNAPPED.
DEFENSE COUNSEL'S HAD BEEN TOLD BY THE DEFENDANT OF THE CIRCUMSTANCES SURONDING THE SOCALLED LOCK DOWN, THAT THERE WAS NO LOCK DOWN AT THE TIME WHEN THE AGENT WENT TO SEE THE DEFENDANT. BUT COUNSELEE'S FAILED TO TAKE THE APPROPRINTE STEPS TO PRESENT THIS CLAME. IF COUNSEL'S HAD INVESTIGATED THE CLAME, AND PRESENTED THE FACT TO THE JURY THE OUTCOME OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT.

GROUND #15: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENSE COUNSEL'S WAS INEFFECTIVE BECAUSE, THE DEFENDANT DESIRVED TO HAVE OFFICER "ROBERT MELLEY" OF M.D.P.D. TESTIFY IN SUPPORT OF A MOTION TO SUPPRESS OFFICER "BRENDAN GILL JR." STATEMENT, THIS OFFICER WOULD HAVE TESTIFIED AT A SUPPRESSION HEARING AND AT TRIAL, THAT THE DEFENDANT WAS NOT CHOKING THE

6 (E)

VICTIM WHEN HE AND OFFICER "BRENDAN GILL JR." WENT TO THE CRIME SCENE. THIS OFFICER STATEMENT SHOULD HAVE BEEN SUPPRESS ALSO TOO, BECAUSE HIS NARRATIVE REPORT IS IN CONSTANT WITH HIS DEPOSITION, AND HIS DEPOSITION IS CONFLICTING WITH OFFICER "BRENDAN GILL JR." STATEMENT AND HIS DEPOSITION.

DEFENSE COUNSEL'S WAS TOLD OF THESE MATTER BY THE DEFENDANT, BUT FAILED TO TAKE THE APPROPRIATE STEPS TO SUPPRESS THESE OFFICER'S STATEMENTS, AND CALL OFFICER "ROBERT MELLEY" AS A WITNESS. THIS OFFICER TESTIMONY WOULD HAVE CHANGE THE OUTCOME OF THE PROCEEDING.

GROUND #16: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENSE COUNSEL'S FAILED TO FILE A MOTION TO SUPPRESS OFFICER "BRENDAN GILL JR." NARRATIVE STATEMENT, THE AVAILABLE EVIDENCE SUPPORTING SUPPRESSION IS ON THE GROUND THAT, OFFICER "BRENDAN GILL JR." STATEMENT IS CONFLICTING WITH OFFICER "ROBERT MELLEY" DEPOSITION.

IF COUNSEL'S HAD FILED A MOTION FOR SUPPRESSION AND SUPPRESS OFFICER "GILL JR." STATEMENT THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT.

GROUND #17: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL'S FAILED TO RETAIN OR SEEK COURTS COSTS FOR AN INVESTIGATOR. ON INVESTION WAS CRITICAL, THIS WAS AN ATTEMPTED 1st DEGREE MURDER CASE WHERE INVESTIGATION IS GENERALLY A MUST, AND IN THIS CASE IN PARTICULAR MUST BE DEEMED AN ESSENTIAL COMPONENT OF EFFECTIVE ASSISTANCE OF COUNSEL'S.

IN PARTICULAR, IN THIS CASE AN INVESTIGATOR WOULD HAVE DISCOVER OFFICER "BRENDAN GILL JR." AND I.N.S. AGENT

"GIORDANO" INCENTIVE TO TESTIFY, AN INVESTIGATOR WOULD HAVE CONDUCTED A BACKGROUND INVESTIGATION ON THESE OFFICER'S CREDIBILITY.

DEFENCE COUNSEL'S INSUFFICIENT PERFORMANCE PREJUDICED THE DEFENDANT DEFENCE, AND THE OUTCOME OF THE PROCEEDING'S.

GROUND #18: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENSE COUNSEL'S FAILED TO TAKE DEPOSITION OF THE STATES TWO (2) EXPERT WITNESSES DR. PHILIP "VILLANUEVA" AND "DR. LAWRENCE GROBMAN," DEFENSE COUNSEL'S WAS ONLY GOING BY THE DR'S. MEDICAL REPORTS. COUNSEL'S WAS NOT COMPETENT TO REPESENT A DEFENDANT IN AN ATTEMPTED MURDER CASE.

GROUND #19: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: BECAUSE OF DEFENSE COUNSEL'S FAILURE TO FAMILIAIZE THEMSELF WITH THE SCIENTIFIC AREA THE STATES EXPERT WITNESSES WAS TESTIFYING IN. THIS PROFORMANCE PREJUDICED THE DEFENDANT DEFENCE, AND THE OUTCOME OF THE PROCEEDING.

GROUND #20: INEFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL WAS NOT FAMILIA WITH SOME CASE LAW HE STATED THAT HE WAS NOT AWARE OF ANY LEGAL AUTHORITY THAT WOULD STOP THE DEFENDANT SENTENCE THAT WAS OBTAINED IN VIOLATION OF THE CONSTITUTIONAL PORTECTION AGAINST DOUBLE JEAPORDY, DEFENCE COUNSEL'S WAS NOT COMPETENT, IF HE WAS, HE WOULD HAVE KNOW ABOUT A MOTION TO EXCLUDE THE DEFENDANT PRIOR RECORD FROM THE GUIDELINE SCORESHEET.

THE DEFENDANT WAS SENTENCE IN VIOLATION OF DOUBLE JEAPORDY.

GROUND #21: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL'S FAILED TO REVIEW MATERIAL ECENTRAL TO SENTENCING, WHICH LED TO A DEPORTURE SENTENCE.

GROUND #22: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL'S FAILED TO CALLED "NADGE MOREI" AS A WITNESS, SHE WAS AN EYEWITNESS TO THE INCIDENT, AND THE INCIDENT TOOK PLACE IN HER APORTMENT. DEFENCE COUNSEL'S DID NOTHING STRATEGY TO PRESENT THIS WITNESS AT TRIAL, EVEN THOW SHE WAS UNCOOPERATIVE, COUNSEL'S SHOULD HAVE SUBPEENA HER TO TESTIFY AT TRIAL. THIS WITNESS TESTIMONY WOULD HAVE CAST DOUBT ON THE STATES CASE AS TO THE UNTRUTHFULNESS OF THE VICTIM, THE STATES TWO (2) EYEWITNESSES STATEMENT'S AND TESTIMONY.
COUNSEL'S DID NOTHING STRATEGY TO PRESENT THIS WITNESS AT TRIAL, ALL IN THE NAME OF PRESRVING OPENING AND CLOSING ARGUMENTS.
THIS WITNESS TESTIMONY WOULD HAVE CHANGED THE OUTCOME OF THE PROCEEDING.

GROUND #23: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL FAILED TO IMPEACH STATES EYEWITNESS VERONICA, WHO GAVE SIGNIFICANT FALSE AND INCONSISTANT STATEMENTS ABOUT THE FACTS OF THIS CASE. THE AVAILABLE EVIDENCE SUPPORTING IMPEACHMENT IS, THE NARRTIVE REPORT AND DEPOSITION OF OFFICER "TIEN V.U", OFFICER "JAMES DUBOCQ, OFFICER FREDDIE SIMPO, AND THE WRITTEN AND

6 (H)

TAPE STATEMENT'S OF THIS WITNESS, ALSO THE 911 COMMUNICATION. IF COUNSEL HAD IMPEACH THIS EYEWITNESS WITH THE ABOVE EVIDENCE'S THE OUTCOME OF THE PROCEEDING WOULD HAVE BEEN DEFFERENT.

GROUND #24: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL FAILED TO IMPEACH STATES EYEWITNESS FELICIA, WHO GAVE SIGNIFICANT FALSE, INCONSISTANT STATEMENT'S ABOUT THE FACTS OF THIS CASE.
"NOTE," DEFENCE COUNSEL DID TRY TO IMPEACH THIS WITNESS, BUT NOT WITH THE FOLLOWING EVIDENCE. (1) HER TAPE STATEMENT GIVEN TO DETECTIVE "DUBOCQ," HER DEPOSITION, THE 911 COMMUNICATION.
IF COUNSEL HAD IMPEACH THIS EYEWITNESS WITH THE ABOVE EVIDENCE, THE OUTCOME OF THE PROCEEDING WOULD HAVE BEEN DEFFERENT.

GROUND #25: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL FAILED TO IMPEACH THE VICTIM, THE VICTIM GAVE SIGNIFICANT CONTRODICTORY AND INCONSISTANT STATEMENT'S, THE AVAILABLE EVIDENCE SUPPORTING IMPEACHMENT IS, THE DEPOSITION OF DETECTIVE "FREDDIE SIMPO", THE TAPE STATEMENT GIVEN TO DT. "SIMPO" BY THE VICTIM, THE VICTIM DEPOSITION, THE 911 COMMUNICATION.
IF COUNSEL HAD IMPEACH THE VICTIM WITH THE ABOVE EVIDENCE THE OUTCOME OF THE PROCEEDING WOULD HAVE BEEN DEFFERENT.

GROUND #26: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL FAILED TO CALL DETECTIVE "FREDDIE SIMPO" AS A WITNESS, IF THIS DETETIVE WAS CALLED AS A WITNESS HIS TESTIMONY WOULD HAVE CAST DOUBT ON THE STATES CASE AS PRESENTED BY THE VICTIM.

HE WOULD HAVE PRESENTED EVIDENCE THAT THE VICTIM STATE-
MENTS ARE FALSE, AND CONTRODICTORY.
IF COUNSEL'S HAD CALLED DETECTIVE AS A WITNESS THE OUT-
COME OF THE PROCEEDING WOULD HAVE DEFFERENT.

GROUND #27: INEFFECTIVE ASSISTANT OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL'S FAILED TO
INTERVIEW, OR DEPOSE OFFICER "BYRD I.D. #2985" AND
OFFICER "EVELYN I.D. #2420 OF M.D.P.D. WHO HAD
INFORMATION PERTAINING TO THIS CASE. THESE OFFICER'S
WHERE IDENTIFIED BY DETECTIVE "FREDDIE SIMPO," IN
HIS DEPOSITION, IF DEFENCE COUNSEL HAD INTERVIEW AND
DEPOSE THESE OFFICER'S, AND CALL THEM AS WITNESSES AT
TRIAL, THEIR TESTIMONY WOULD HAVE CAST DOUBT ON THE
STATES CASE AS PRESENTED BY THEIR TWO (2) EYE-
WITNESSES, THESE OFFICER'S TESTIMONY AT TRIAL WOULD HAVE
SHOW THAT THE STATES EYEWITNESSES GAVE FALSE AND
INCONSISTANT STATEMENTS, WHICH CHOULD HAVE USED TO
IMPEACH THEM.
IF COUNSEL'S HAD CALL THESE OFFICER'S AS WITNESSES THE
OUTCOME OF THE PROCEEDING WOULD HAVE BEEN DEFFERENT.

GROUND #28: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL DIDNOT OBJET AND
FAILED TO PRESERVE SOME OF HIS OBJECTIONS. DEFENCE
COUNSEL'S WAS NOT COMPETENT TO REPRESENT A DEFENDANT
IN AN ATTEMPTED 1st DEGREE MURDER CASE, DEFENCE
COUNSEL'S DIDNOT KNOW THAT A MOTION BEFORE THE COURT
WOULD NOT BE HEARD UNLESS CALLED FOR HEARING, AND WOULD
DEEMED UNTIMELY, IF NOT HEARD IN ADANCE OF TRIAL.
DEFENCE COUNSEL'S WAIVED APPELLATE ISSUES BY FAILING TO
OBTAIN TIMELY RULING'S BY THE TRIAL COURT.

DEFENCE COUNSEL'S FAILED TO PRESERVE OBJECTIONS TO INADMISSIBLE EVIDENCE. DEFENCE COUNSEL MADE OBJECTIONS THAT WERE UNTIMELY.

AS EVIDENCE OF THE FOREGOING INCOMPETENCE THE DEFENDANT RELES UPON THE FOLLOWING QUOTATIONS FROM THE STATES BRIEF FILED IN THE THIRD DISTRICT COURT OF APPEAL IN RESPONDS TO THE DEFENDANT APPEAL.
AND THE DECISION FROM THE THIRD D.C.A.

## FROM THE STATES BRIEF

THERE IS NO REVERSIBLE ERROR RESULTING FROM THE STRIKING OF DEFENDANT PEREMPTORY CHALLENGE TO JUROR ROMERO. THE STATE SUBMITS THAT THIS ISSUE LACKS MERIT. THE FACT RENDERS THE "ERROR" UNPRESERVED.

DEFENDANT ALSO ARGUES THAT THE TRIAL COURT ERRORED IN DENYING HIS MOTION FOR A MISTRIAL WHEN THE STATES INTRODUCED EVIDENCE THAT THE DEFENDANT HAD THREATENED STATE WITNESSES THAT HAD BEEN EXCLUDED IN A PRIOR MOTION IN LIMINE. THIS ISSUE IS WITHOUT MERIT AND UNPRESERVED, BECAUSE THERE WAS (NO OBJECTION) WHEN THE COMPLAINED OF EVIDENCE WAS PRESENTED AT TRIAL. NO MOTION FOR A MISTRIAL WAS MADE AT THE TIME WHEN THE EVIDENCE WAS OFFERED ON THIS ISSUE, AND THE DEFENDANT INITIAL BRIEF CONTAINS NO CITATION TO SUCH A MOTION.

DEFENDANT FURTHER ARGUES THAT THERE WAS ERROR TO ADMIT THE STATEMENT THAT DEFENDANT MADE TO GIARDINO AND IN THE FAILURE TO DECLARE A MISTRIAL WHEN THE STATE INTRODUCED EVIDENCE THAT DEFENDANT HAD PREVIOUSLY BEEN DEPORTED. THE STATE SUBMITS THAT BOTH POINTS ARE WITHOUT MERIT, OR ALTERNATIVELY, THE ERROR IN ADMITTING THE DEPORTATION EVIDENCE WAS HARMLESS.

6(K)

CITATIONS FROM THE DECISION OF THE THIRD D.C.A.

THERE WAS NO ERROR IN OVERRULING THE PEREMPTORY CHALLENGE WHICH DEFENDANT-APPELLANT Lindo ATTEMPTED TO EXERCISE, BECAUSE THE REASON FOR THE PEREMPTORY STRIKE WAS NOT FACIALLY RACE-NEUTRAL.

THERE WAS NO CONTEMPORANEOUS OBJECTION TO THE TESTIMONY OF THE NIECE REGARDING HER RESON FOR HIDING THE DEFENDANT TOOLS.

END OF CITATIONS!

DEFENSE COUNSEL did RENEW His MOTIONS AT THE CLOSE OF ALL THE EVIDENSE, BUT IT WAS DEFENSE COUNSEL BURDEN TO OBTAIN A RULING ON THESE ISSUES. SOME ISSUE WAS ABANDANED, AND COULD NOT BE RAISED ON APPEAL.
IF DEFENCE COUNSEL'S WOULD HAVE MADE TIMELY OBJECTIONS AND FILED TIMELY MOTION WITH THE COURT THE OUTCOME OF THE PROCEEDING WOULD HAVE BEEN DEFFERENT.

GROUND #29: INEFFECTIVE ASSISTANCE OF COUNSEL'S.

SUPPORTING FACTS: DEFENCE COUNSEL FAILED TO SUBJECT THE PROSECUTION CASE TO MEANINGFUL ADERSARIAL TESTING PROCESS, BY FAILING TO CALL WITNESSES, NOT OBJECTING WHEN HE SUPOSS TO, didnot do ANY INVESTIGATION OF His OWN.

(c) At trial M. WALLICK & M. SIMON P.D. LAW OFFICES OF THE PUBLIC DEFENDER ELEVENTH JUDICIAL CIRCUIT OF FLORIDA 1320 N.W. 14th STREET MIAMI, FL 33125

(d) At sentencing M. WALLICK P.D LAW OFFICES OF THE PUBLIC DEFENDER OFFICES 1320 N.W 14th STREET MIAMI, FL. 33125.

(e) On appeal MARISA T. MENDEZ P.A. ATTORNEY AT LAW 901 PONCE DE LEON BOULEVARD CORAL GABLES, FL. 33134 SUITE 304.

(f) In any post-conviction proceeding  NONE

(g) On appeal from any adverse ruling in a post-conviction proceeding  NONE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: NONE

(b) Give date and length of the above sentence: NONE

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

6-2-2004
Date

_____ Pro se
Signature of Petitioner

(7)